IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LESIA YVONNE CONRAD                                            PLAINTIFF

                v.                        CIVIL NO. 16-5317

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                    DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Lesia Yvonne Conrad, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

      Plaintiff protectively filed her application for DIB on June 5, 2013, alleging an inability to work since April 30, 2013, due to mental health problems, back problems and high blood pressure. (Tr. 174-82, 234.) An administrative hearing was held on February 9, 2015, at which Plaintiff appeared with counsel and testified and a vocational expert (VE) also testified. (Tr. 26-58).

      By written decision dated June 30, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. Specifically, the ALJ found Plaintiff had the following severe impairments: cervical spine degenerative disc disease with radiculopathy, chronic back pain, obesity, and right hand carpal

---

[1] Nancy A. Berryhiill has been appointed to serve as acting Commisioner of Social Security and is substituted as the Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

tunnel syndrome with ulnar neuropathy. (Tr. 12.) However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13-14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work that involved only occasional climbing, balancing, crawling, kneeling, stooping, crouching, and overhead work bilaterally. (Tr. 14.) With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform her past relevant work as a security dispatcher. (Tr. 18.)

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence submitted by the Plaintiff but denied the request for review on September 14, 2016. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from

the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 26th day of March 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE